UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NORMA K. WHITE, and those similarly situated, )
    Plaintiff(s), )
-vs- )
CLASSIC DINING ACQUISITION CORP., CLASSIC DINING )
CASTLETON, INC., CLASSIC DINING CRAWFORDSVILLE, INC., )
CLASSIC DINING E WASHINGTON ST, INC., CLASSIC DINING )
GREENWOOD MALL, INC., CLASSIC DINING GROUP, LLC, )
CLASSIC DINING KENTUCKY AVENUE, INC., CLASSIC DINING )
KEYSTONE, INC., CLASSIC DINING MANAGEMENT COMPANY, )
INC., CLASSIC DINING MICHIGAN ROAD, INC., CLASSIC )
DINING OF BLOOMINGTON, INC., CLASSIC DINING OF )
COLUMBUS, INC., CLASSIC DINING OF DALEVILLE, LLC, )
CLASSIC DINING OF FORT WAYNE, INC., CLASSIC DINING )
OF GREENWOOD, INC., CLASSIC DINING OF KOKOMO, INC., )
CLASSIC DINING OF LAFAYETTE, INC., CLASSIC DINING OF )
LEBANON, INC., CLASSIC DINING OF MERRILLVILLE, INC., )
CLASSIC DINING OF NEW CASTLE, INC., CLASSIC DINING OF )
PLAINFIELD, INC., CLASSIC DINING OF PORTAGE, INC., )
CLASSIC DINING OF SHELBYVILLE, INC., CLASSIC DINING )
OF SOUTH BEND, LLC, CLASSIC DINING PENDLETON PIKE, )
INC., CLASSIC DINING POST ROAD, INC., CLASSIC DINING )
SOUTH EAST STREET, INC., CLASSIC DINING WEST )
BRADBURY, INC., and KEN KILBERGER, )
    Defendants.

1:11-cv-0712 JMS-MJD

COMPLAINT FOR DAMAGES
Class Action and Collective Action Requested

Plaintiff Norma K. White ("White") by counsel, for her causes of action against Defendants alleges the following:

Jurisdiction and Venue

1. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. Indiana's Wage Payment Act, I.C. §§ 22-2-5-1 et seq., and Indiana's laws regarding minimum wages, I.C. § 22-2-2-4.

2. This Court has jurisdiction of this cause under 28 U.S.C. §

    1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

3. Venue is proper under 28 U.S.C. §§ 94(b)(1), 1391 in that Plaintiff resides in, Defendants do business in, and the cause of action arises in the Southern District of Indiana, Indianapolis Division.

## Parties

4. White is an adult, residing in Marion County, Indiana.

5. Classic Dining Acquisition Corp. was administratively dissolved by the Indiana Secretary of State on or about 25 August 2010 and had Defendant Ken Kilberger ("Kilberger") as its Registered Agent and Principal.

6. Classic Dining Castleton, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

7. Classic Dining Crawfordsville, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

8. Classic Dining E Washington St, Inc. was administratively dissolved by the Indiana Secretary of State on or about 25 August 2010 and had Kilberger as its Registered Agent and Principal.

9. Classic Dining Greenwood Mall, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

10. Classic Dining Group LLC is an Indiana corporation and has

Kilberger as its Registered Agent.

11. Classic Dining Kentucky Ave, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

12. Classic Dining Keystone, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

13. Classic Dining Management Company, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

14. Classic Dining Michigan Road, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

15. Classic Dining of Bloomington, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

16. Classic Dining of Columbus, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

17. Classic Dining of Daleville, LLC is an Indiana corporation and has Kilberger as its Registered Agent.

18. Classic Dining of Fort Wayne, Inc. was administratively dissolved by the Indiana Secretary of State on or about 20 May 2010 and had Kilberger as its Registered Agent and Principal.

19. Classic Dining of Greenwood, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

20. Classic Dining of Kokomo, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

21. Classic Dining of Lafayette, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

22. Classic Dining of Lebanon, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

23. Classic Dining of Merrillville, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

24. Classic Dining of New Castle, Inc. was administratively dissolved by the Indiana Secretary of State on or about 25 August 2010 and had Kilberger as its Registered Agent and Principal.

25. Classic Dining of Plainfield, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

26. Classic Dining of Portage, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

27. Classic Dining of Shelbyville, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

28. Classic Dining of South Bend, LLC is an Indiana corporation and has Kilberger as its Registered Agent.

29. Classic Dining Pendleton Pike, Inc. was administratively

dissolved by the Indiana Secretary of State on or about 25 August 2010 and had Kilberger as its Registered Agent and Principal.

30. Classic Dining Post Road, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

31. Classic Dining South East Street, Inc. was administratively dissolved by the Indiana Secretary of State on or about 25 August 2010 and had Kilberger as its Registered Agent and Principal.

32. Classic Dining West Bradbury, Inc. is an Indiana corporation and has Kilberger as its Registered Agent and Principal.

33. Kilberger is an adult.

## Factual Allegations

34. The corporate defendants (collectively, "Classic Dining") always had gross revenues of at least $500,000 per annum.

35. White started working for Classic Dining South East Street, Inc. in 2006.

36. White now works for Classic Dining Kentucky Ave, Inc.

37. Classic Dining has paid White $2.13 per hour plus tips.

38. White, when adding her tips to the wages Classic Dining pays, does not make the federal statutory minimum wage.

39. White seeks to represent all other Classic Dining employees who have been paid $2.13 per hour plus tips who have worked

for Classic Dining since 26 May 2008 ("Servers").

40. On White's information and belief, these Servers were subjected to the same policies that she was, and did not receive the minimum wage.

41. It would promote judicial economy to decide all these claims in one proceeding.

## Legal Allegations

42. White is an employee of Classic Dining Kentucky Ave, Inc.

43. White was an employee of Classic Dining South East Street, Inc.

44. The proposed Class members are or were employees of at least one corporate Classic Dining.

45. Classic Dining Acquisition Corp. was an "employer" as defined by 29 U.S.C. § 203(d).

46. Classic Dining Castleton, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

47. Classic Dining Crawfordsville, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

48. Classic Dining E Washington St, Inc. was an "employer" as defined by 29 U.S.C. § 203(d).

49. Classic Dining Greenwood Mall, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

50. Classic Dining Group, LLC is an "employer" as defined by 29 U.S.C. § 203(d).

51. Classic Dining Kentucky Ave, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

52. Classic Dining Keystone, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

53. Classic Dining Management Company, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

54. Classic Dining Michigan Road, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

55. Classic Dining of Bloomington, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

56. Classic Dining of Columbus, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

57. Classic Dining of Daleville, LLC is an "employer" as defined by 29 U.S.C. § 203(d).

58. Classic Dining of Fort Wayne, Inc. was an "employer" as defined by 29 U.S.C. § 203(d).

59. Classic Dining of Greenwood, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

60. Classic Dining of Kokomo, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

61. Classic Dining of Lafayette, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

62. Classic Dining of Lebanon, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

63. Classic Dining of Merrillville, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

64. Classic Dining of New Castle, Inc. was an "employer" as defined by 29 U.S.C. § 203(d).

65. Classic Dining of Plainfield, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

66. Classic Dining of Portage, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

67. Classic Dining of Shelbyville, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

68. Classic Dining of South Bend, LLC is an "employer" as defined by 29 U.S.C. § 203(d).

69. Classic Dining Pendleton Pike, Inc. was an "employer" as defined by 29 U.S.C. § 203(d).

70. Classic Dining Post Road, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

71. Classic Dining South East Street, Inc. was an "employer" as defined by 29 U.S.C. § 203(d).

72. Classic Dining West Bradbury, Inc. is an "employer" as defined by 29 U.S.C. § 203(d).

73. Kilberger is an "employer" as defined by 29 U.S.C. § 203(d).

74. 29 U.S.C. § 203 requires each Defendant to pay White and the Servers an amount, when added to tips, that enabled

each to receive the minimum wage.

75. 29 U.S.C. § 206 makes each Defendant responsible for ensuring that White and the Servers received at least the minimum wage.

76. 29 U.S.C. § 216(b) provides that each Defendant owes White and the Servers liquidated damages equal in an amount of the difference between the minimum wage and what the person was actually paid.

77. 29 U.S.C. § 216(b) also provides that an employee is entitled to a reasonable attorney fee for bringing such an action to recover unpaid minimum wages.

78. I.C. § 22-2-5-1 requires an employer to pay an employee her wages on time.

79. I.C. § 22-2-2-4 requires an employer to pay an employee a minimum wage.

80. I.C. § 22-2-5-2 provides that an employer is liable to an employee for 10% of the wages due for each day the wages are late, up to twenty days.

81. I.C. § 22-2-5-2 also provides that an employee is entitled to a reasonable attorney fee for bringing such an action to recover unpaid wages.

## Causes Of Action

### Count I - Federal Law

82. White realleges rhetorical paragraphs 1 - 77 as if fully set forth herein.

83. Defendants' failure to pay White and the Servers at least the minimum wage violated 29 U.S.C. § 206.

84. Defendants' failure to pay White and the Servers at least the minimum wage entitles them to the remedies of 29 U.S.C. § 216, being unpaid overtime, liquidated damages, attorney fees, and interest.

### Count II - State Law

85. White realleges rhetorical paragraphs 1 - 44, 78 - 81 as if fully set forth herein.

86. Defendants' failure to pay White and the Servers at least the minimum wage violated I.C. § 22-2-2-4.

87. Defendants' failure to pay White and the Servers at least the minimum wage entitles her to the remedies of I.C. § 22-2-5-2, being the difference between the actual rate and the appropriate minimum wage, liquidated damages on this amount, attorney's fees, and interest.

### Claims For Relief

Plaintiff, by counsel, prays that this Court will

A. CERTIFY the proposed Class,

B. ENTER judgment in her and the Class's favor against each

Defendant;

C.   AWARD her and the Class such relief as is determined to be just and proper under federal law, including unpaid minimum wages and lost wages, and liquidated damages in an equal amount pursuant to U.S.C. § 216(b);

D.   AWARD her and the Class such relief as is determined to be just and proper under state law, including unpaid wages and twice that amount in liquidated damages pursuant to I.C. § 22-2-5-2,

E.   GRANT her and the Class attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and I.C. § 22-2-5-2,

F.   GRANT all such other relief as may be proper.

Christopher K. Starkey
Attorney for Plaintiff(s)

Christopher K. Starkey, Atty No. 11757-49
Suite 700
One North Pennsylvania Street
Indianapolis, Indiana  46204
Phone (317) 635-1020
Fax   (317) 635-2692