UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORMA K. WHITE and those similarly situated, | ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | 1:11-cv-712-JMS-MJD |
| CLASSIC DINING ACQUISITION CORP., CLASSIC DINING CASTLETON, INC., CLASSIC DINING CRAWFORDSVILLE, INC., CLASSIC DINING E. WASHINGTON St., INC., CLASSIC DINING GREENWOOD MALL, INC., CLASSIC DINING GROUP, LLC, CLASSIC DINING KENTUCKY AVENUE INC., CLASSIC DINING KEYSTONE, INC., CLASSIC DINING MANAGEMENT COMPANY, INC., CLASSIC DINING MICHIGAN ROAD, INC., CLASSIC DINING OF BLOOMINGTON, INC., CLASSIC DINING OF COLUMBUS, INC., CLASSIC DINING OF DALEVILLE, LLC, CLASSIC DINING OF FORT WAYNE, INC., CLASSIC DINING OF GREENWOOD, INC., CLASSIC DINING OF KOKOMO, INC., CLASSIC DINING OF LAFAYETTE, INC., CLASSIC DINING OF LEBANON, INC., CLASSIC DINING OF MERRILVILLE, INC.,CLASSIC DINING OF NEW CASTLE, INC., CLASSIC DINING OF PLAINFIELD, INC., CLASSIC DINING OF PORTAGE, INC., CLASSIC DINING OF SHELBYVILLE, INC., CLASSIC DINING OF SOUTH BEND, LLC, CLASSIC DINING PENDLETON PIKE, INC., CLASSIC DINING POST ROAD, INC., CLASSIC DINING SOUTH EAST STREET, INC., CLASSIC DINING WEST BRADBURY, INC., and KEN KILBERGER | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PENDING MOTIONS**

Plaintiff, Norma K. White, is employed by Classic Dining Kentucky Ave, Inc., ("CD Kentucky") as a food server and previously worked for Classic Dining South East Street, Inc. ("CD South East").  She filed this lawsuit against CD Kentucky and CD South East, as well as twenty-six other similar "Classic Dining" corporate entities for whom she did not work, but from whom she seeks to recover, on behalf of similarly situated servers, through a class or collective action.  In addition to the twenty-eight corporate defendants, White has sued Ken Kilberger.  She alleges that Mr. Kilberger is the registered agent of each corporate entity, a "principal" of most of the "Classic Dining" corporate entities and thus an "employer" as that term is defined in the Fair Labor Standards Act of 1938 ("FLSA").  She brings claims against all Defendants under the minimum wage provisions of the FLSA and pursuant to Indiana's minimum wage laws and the state's Wage Payment Statute. White asserts that she and all similarly situated servers are paid $2.13 per hour plus tips, but when the tips are added to the  hourly wage they do not equal the required minimum wage under federal or state law.  *See* 29 U.S.C. § 203(m)(2); Ind. Code § 22-2-24.

The Defendants have filed varying motions pursuant to three sections of Rule 12 of the Federal Rules of Civil Procedure, seeking to have the lawsuit dismissed or service of summons quashed.   The Court will first examine the assertions in those motions which challenge jurisdiction, pursuant to section 12(b)(1) of the Rule.

I.      **DEFENDANTS' CHALLENGE TO SUBJECT MATTER JURISDICTION**

A.  **Does Plaintiff have standing to sue the corporate Defendants' for whom she never worked?**

Plaintiff has alleged federal question jurisdiction under the FLSA.  Nevertheless, she admits that she was an employee of only two of the corporate Defendants and, according to those defendants which never employed her, the lack of employee status translates to a lack of standing on her part to bring suit against them, [dkt. 33].  White maintains that subject-matter jurisdiction exists over her individual claims as well as the class and collective action claims, because the FLSA is to be interpreted broadly and because Ken Kilberger, who she argues should be considered an employer of all the servers under the FLSA, has instituted the same policies with regard to payment of wages to servers in each of the "Classic Dining" corporate entities.

Challenges to subject-matter jurisdiction can be facial or factual.  Factual attacks require an exploration beyond the pleadings and no presumption of truthfulness is afforded the allegations of a complaint.  However with a facial challenge, such as the one raised by the corporate Defendants in this case, the Court provides Plaintiff the same benefit she receives under a section 12(b)(6) analysis: her allegations are presumed truthful and all reasonable inferences are drawn in her favor.  *See* 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed.2012).  So, in the end, if Plaintiff has pled her Complaint in a manner sufficient to establish jurisdiction under the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544(2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), she survives the facial challenge to subject-matter jurisdiction contained in the Defendants' motions to dismiss.

The Court notes that there is a difference as to which party bears the burden when challenging standing and, hence, subject-matter jurisdiction in a motion to dismiss.  Upon such a challenge, it is the plaintiff's burden to establish her standing or the existence of subject-matter

jurisdiction. *Scanlon v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). So, while the Court

accepts the accuracy of the allegations White's Complaint and grants her reasonable inferences

therefrom, to satisfy her burden she must have asserted facts which, when taken all together,

would establish the existence of subject-matter jurisdiction.

> White must show that she has alleged:
>
> (i) an injury in fact, which is an invasion of a legally protected interest that is
> concrete and particularized and, thus, actual or imminent, not conjectural or
> hypothetical; (ii) a causal relationship between the injury and the challenged
> conduct, such that the injury can be fairly traced to the challenged action *of the
> defendant*; and (iii) a likelihood that the injury will be redressed by a favorable
> decision.

*Id.* (emphasis supplied) (quoting *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir.2003).

> White is suing all the Defendants, on behalf of herself and other servers, pursuant to 29

U.S.C. § 216(b), a provision in the FLSA which provides in pertinent part:

> An action to recover the liability prescribed [for violations of the minimum wage,
> maximum hours, and anti-discrimination provisions of the FLSA] may be
> maintained against any employer (including a public agency) in any Federal or
> State court of competent jurisdiction by any one or more employees for and in
> behalf of himself or themselves and other employees similarly situated. No
> employee shall be a party plaintiff to any such action unless he gives his consent
> in writing to become such a party and such consent is filed in the court in which
> such action is brought.

29 U.S.C. § 216(b). However, the wording of this provision makes it clear that standing to

pursue an action for employer liability is limited to employees only. *See Li v. Renewable Energy

Solutions, Inc.,* 2012 WL 589567 at *4-5 (D.N.J., February 22, 2012) (statutory requirement that

"employee" only may bring suit under 29 U.S.C. § 216(b) found to be jurisdictional); *see also,

Breuer v. Jim's Concrete of Brevard. Inc.,* 538 U.S. 691, 694 (2003) (where the Court cited to 29

U.S.C. 216(b) as providing subject matter jurisdiction to both state and federal courts). In other

words, liability under the FLSA is predicated upon an employer-employee relationship. *See

Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir.1986); *Cavallaro v. UMass Memorial Health Care*

4

*Inc.,* 2011 WL 2295023 at *6 (D.Mass., June 8, 2011); *see also generally, Ellen C. Kearns et al.,* THE FAIR LABOR AND STANDARDS ACT, Chpt. 3.II (2nd ed. 2010). Furthermore, standing may not be acquired by a named Plaintiff in a class action by asserting the rights of putative class members. *Lewis v. Casey,* 518 U.S. 343, 357 (1996); *see also*, *Walters v. Edgar,* 163 F.3d 430, 432-33 (7th Cir. 1999) (a class representative's standing must exist at the time suit is brought).

White never asserts in her complaint that she was "an employee" of twenty-six of the twenty-eight corporate Defendants and, in fact, she admits in her brief that they never employed her. Therefore, she could not have suffered an injury at the hands of those Defendants and this Court has no subject matter jurisdiction to entertain the claims White makes against them. Their motion to dismiss White's FLSA claims under Rule 12(b)(1), [dkt. 33], is therefore **GRANTED**.

### B.  Does Plaintiff have standing to sue registered agent and/or corporate principal Ken Kilberger as an employer?

In his motion to dismiss, [dkt. 46], Kilberger also argues that White lacks standing to sue him under the FLSA. He claims that, like the twenty-six corporate defendants previously discussed, he is not White's employer, she has no standing to sue him and therefore no subject matter jurisdiction exists. Kilberger accurately contrasts the specific allegations in White's Complaint that she has been an employee of CD Kentucky and CD South East, with the lack of any allegation in the Complaint that she was an employee of Kilberger's.

Plaintiff does assert in her Complaint that Kilberger is "an employer" as that term is defined in the FLSA and that he is the "registered agent" of all of the corporate Defendants and the "principal" of most of those corporate entities, including CD Kentucky and CD South East. This, she argues, is sufficient to allow her an inference that Kilberger was in control of the employment policies followed by those two corporations and, thus, keep him in the case as her employer. The Court disagrees.

5

The FLSA defines "employer" as follows:

(d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

Liability under the FLSA hinges on the label "employer." *Dole v. Simpson*, 784 F.Supp. 538, 544 (S.D.Ind 1991). The typical corporate protections do not apply to individuals under the FLSA. The term "employer" is interpreted expansively under the FLSA to include persons who control both a corporate employer's operations as well as the terms and conditions of an employee's employment. *McLaughlin v. Lunde Truck Sales, Inc.*, 714 F.Supp. 920, 923 (N.D.Ill. 1989). Indeed, the FLSA contemplates there being several simultaneous employers. *Simpson*, 784 F.Supp. at 544 (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991)). Because there can be more than one employer responsible for violations of an employee's rights under the FLSA, no single factor is dispositive of the existence of an employer-employee relationship and the "totality of the circumstances, underscoring the economic realities of the employment relationship" must be examined in determining if an individual is an employer under the FLSA. *Id*. at 545. However, it is generally control over the decisions which may cause a violation of the FLSA which equates to a duty and potential liability as an employer. *See Villareal v. El Chile, Inc.,* 776 F.Supp.2d 778, 786 (N.D.Ill. 2011)(citing *Simpson,* 784 F.Supp. at 545.

At this stage, with no discovery and no factual record built thereon, the Court is not in a position to weigh "the totality of circumstances." Instead, the Court must afford the Plaintiff all reasonable inferences from the facts alleged. Here the only facts alleged are that Kilberger was a "registered agent" and "principal" of CD Kentucky and CD South East. The issue then is whether those allegations, taken as true, are sufficient to allow an inference that an

6

employer/employee relationship existed between White and Kilberger. The Court concludes they are not.

In Indiana, a registered agent fulfills an important role for purposes of service of process or notice, but such an agent is not endowed with any inherent corporate powers of control. Ind. Code §§ 23-1-24-1, 2, 4. In fact, Indiana law allows a completely separate foreign corporation, authorized to do business in Indiana, to serve as a resident agent. Ind. Code § 23-1-24-1. This power in no way relates to the requisite control or duties over wages or employment conditions to qualify a registered agent as an employer under the FLSA.

Similarly, the fact that Kilberger may be a corporate "principal" of CD Kentucky or CD South East establishes neither the authority to nor the actual exercise of control the policies which affect either corporation's compliance with the FLSA. The term "principal" is not a defined term under Indiana's corporate laws and the Court finds no authority for placing any particular significance on the term with respect to the powers or control derived therefrom.

In short, even accepting all the facts alleged in the Complaint, Plaintiff fails to state a plausible claim against Mr. Kilberger. There is simply no reasonable basis from which the Court could infer from the facts alleged that Mr. Kilberger had the type of control over the operation of CD Kentucky or CD South East that would allow the Court to find him to be a simultaneous employer. Accordingly, Mr. Kilberger's motion to dismiss, [dkt. 46], will be **GRANTED** as the Court lacks subject-matter jurisdiction over him as well.

## II.        FAILURE TO STATE A CLAIM

In addition to the attacks on subject matter jurisdiction, all of the Defendants assert an alternative basis for dismissing the FLSA claims; White's failure to plead a claim upon which relief can be granted. A viable complaint must include "enough facts to state a claim to relief

that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  That is to say, mere conclusory labels and formulaic recitation of statutory elements of a claim will not suffice to avoid a dismissal.  *Id.* at 555.  Specific facts which, if proven, would be sufficient to allow a plaintiff to recover must be included in the complaint in order for it to rise above a speculative recitation of claim elements.  *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

White's Complaint may be the epitome of "formulaic recitations."  Certainly there are no facts alleged which would tie Mr. Kilberger or the corporate defendants, other than CD Kentucky and CD South East, to an employer-employee relationship let alone a  breach of her rights under the FLSA as their employee.  There are simply recitations that the Defendants were "employers" under the FLSA, and a claim that "collectively" the "Classic Dining" Defendants meet the threshold of $500,000.00 in sales required for them to be subject to the FLSA.  29 U.S.C. § 203(s)(1)(A)(ii).  She does not assert that each of the Defendants, individually, have sales that reach the statutory threshold.

Nor does the Complaint contain factual allegations or information with regard to the wages White actually received while working for CD Kentucky and CD South East.  There is simply a general allegation that when she adds her tips to the hourly wage she was paid by each of the two she has not made "the federal statutory minimum wage," and that on her information and belief other servers who worked for the Defendants did not receive the minimum wage.  How often and when she and others were allegedly shorted, is not alleged.

The District Court for the Southern District of Iowa was faced with similarly vague allegations of a minimum wage violation by a Plaintiff, on behalf of himself and "other

employees similarly situated" and found that there must be some factual allegations that lift the

Complaint above speculation as to the violations alleged.

> The language of the FLSA's minimum wage provision establishes the elements that should be alleged in order to survive a motion to dismiss. 29 U.S.C. § 206(a) provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce ... wages at the following rates ... [$5.15 per hour]." Thus, "where the plaintiff alleges violations of the FLSA's minimum ... wage provision[ ], the complaint should, at least approximately, allege the hours worked for which these wages were not received." *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y.2007). Moreover, "where a plaintiff brings an FLSA claim 'for and [o]n behalf of himself ... and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Id.* (citing 29 U.S.C. § 216(b)). Here, Plaintiffs' Amended Complaint provides only generic, conclusory assertions of a right to relief under the FLSA minimum wage provisions. Indeed, there is not, on the face of the Amended Complaint, a single factual allegation that would permit an inference that even one member of the Plaintiffs' collective has "a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. Accordingly, the Court finds that Plaintiffs' Amended Complaint, to the extent it asserts an FLSA minimum wage claim, is implausible on its face and would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim.

*Jones v. Casey's General Stores*, 538 F.Supp.2d 1094, 1102 (S.D. Iowa 2008).1

Judge Sarah Evans Barker of this Court recently dismissed a claim for minimum wage

violations under the FLSA.  She, too, noted the need for some factual information within the

Complaint which would allow a court to find that, assuming their truth, the allegations add up to

a violation.

> To state a claim for relief, Plaintiff is required to plead facts that would, if proved, establish a violation of the minimum-wage provisions of the FLSA. Here, however, Plaintiff alleges no facts such as her hourly rate or the number of hours she estimates she worked but was not paid from which the Court could infer that she received less than minimum wage at any point during her employment.

---

[1] Paragraph 84 of White's Complaint alleges that the Defendants' failure to pay her minimum wage entitles her, in part, to "unpaid overtime."  This is the only mention of "overtime" in the complaint and nowhere in the briefing does White suggest that she is asserting a claim for violation of the overtime wage provisions of the FLSA.  Needless to say, to the extent she is making such a claim, the allegations of her Complaint do not pass muster under a Rule 12(b)(6) analysis.  The Court presumes such language was the remnant of a pleading in an earlier case, modified when this complaint was drafted.

*Hoffman v. Aspen Dental Management, Inc.*, 2011 WL 3902773 at *3 (S.D. Ind., Sept. 6, 2011).

While in this case, White has told the court that her hourly wage was $2.15 plus tips, she has not alleged when or how often the combination of the two did not meet the minimum wage. "To establish a viable FLSA claim for unpaid minimum wages, the complaint 'should indicate the applicable rate of pay and the amount of unpaid minimum ... wages due.'" *Bailey v. Border Foods, Inc.,* 2009 WL 3248305 at *2 (D.Minn., Oct. 6. 2009) (quoting *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 629 (S.D.N.Y.2007) and finding that conclusory statement in complaint, that plaintiffs were "systematically deprived of the minimum wage," was insufficient to state a claim for relief). Accordingly, the Court finds that the Plaintiff in this case has failed to state a claim for relief under the FLSA for herself or any of the putative members of the collective against any of the Defendants.

With respect to White's attempt at asserting FLSA claims, the Court has found that subject-matter jurisdiction exists only with respect to CD Kentucky and CD South East. However, because this first effort at pleading such a claim has fallen short, the FLSA claims against CD Kentucky and CD South East will be dismissed without prejudice, thereby affording Plaintiff a second opportunity to plead a federal claim against these two entities whom she alleges were her employers.

## III.    STATE LAW CLAIMS

White has also asserted violation of Indiana minimum wage laws and the Wage Payment Statute. However, with the federal claims dismissed, the Seventh Circuit instructs that there is a presumption that the district judge will relinquish jurisdiction over supplemental state law claims. *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir.2008). Where substantial resources have already been committed to deciding those state law claims or where the outcome is obvious,

10

that presumption may be overcome.  *See Dargis v. Sheahan*, 526 F.3d 981, 990–91 (7th Cir.2008); *Miller Aviation* v. *Milwaukee County Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir.2001); *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994). However that is clearly not the case here, where Defendants have yet to answer the first Complaint and the Plaintiff has been afforded a second opportunity to plead a federal claim.

## IV.    CONCLUSION

For the reasons explicated in this entry, Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6), (Dkt. #33), and Defendants' Motions to Quash Service of Summons and Dismiss Pursuant to FRCP 12(b)(5) or, In the Alternative, to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6), (Dkts. #46 & 48), are **GRANTED IN PART**.  The remaining claims asserted in those motions are DENIED AS MOOT.  Plaintiff's federal claims under the FLSA are dismissed with prejudice as to all Defendants other than CD Kentucky and CD South East for lack of subject-matter jurisdiction.  The remaining claims against CD Kentucky and CD South East are dismissed without prejudice for failure to state a claim.

Plaintiff will be afforded fourteen (14) days within which to file an amended complaint against CD Kentucky and CD South East only.   However, should Plaintiff elect not to pursue an amended complaint within fourteen days, the Court will, pursuant to 28 U.S.C. § 1367(c)(3), relinquish supplemental jurisdiction and Plaintiff's remaining state law claims will be dismissed without prejudice to their being pursued in state court, and a judgment shall be entered accordingly.

**SO ORDERED** this 13th day of April 2012.

11

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only:</u>**

Stephanie M.G. Dinkel
KOEHLER & PASSARELLI, LLC
sdinkel@k-pllc.com

Steven W. Jados
KOEHLER & PASSARELLI, LLC
sjados@k-pllc.com

Renee L. Koehler
KOEHLER & PASSARELLI, LLC
rkoehler@k-pllc.com

Christopher Kenneth Starkey
starkeyck@msn.com