UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMA K. WHITE,<br><br>       Plaintiff,<br>   vs.<br><br>CLASSIC DINING KENTUCKY AVENUE, INC.,<br>CLASSIC DINING SOUTH EAST STREET, INC.,<br><br>       Defendants. | )<br>)<br>)<br>) NO. 1:11-cv-00712-JMS-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

This matter comes before the Court on Plaintiff's Second Motion for Leave to Amend Complaint. [Dkt. 118.] The Court has reviewed the motion and the parties' briefs and heard argument on this motion on June 15, 2012.  For the reasons set forth herein and in more detail on the record of the hearing of this matter, Plaintiff's motion to amend is **GRANTED.**

Plaintiff's original Complaint named multiple Defendants. [Dkt. 1.] On April 13, 2012, the Court granted the Defendants' motion to dismiss the Complaint and granted Plaintiff fourteen days in which to file an Amended Complaint. [Dkt. 98.] On April 27, 2012, Plaintiff filed her Amended Complaint. [Dkt. 99.] On May 14, 2012, the remaining Defendants moved to dismiss the Amended Complaint. [Dkt. 101.] Thereafter, on May 22, 2012, Plaintiff moved to further amend the complaint. [Dkt. 109.] Subsequently, the instant motion was filed on June 12, 2012. [Dkt. 118.]

Rule 15(a) of the Federal Rules of Civil Procedure governing the amendment of pleadings before trial expressly provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A decision regarding whether to grant leave to amend a pleading is committed to the broad discretion of the Court. *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002) ("[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.") It is also the strong preference of the Court to decide cases on their merits. The Seventh Circuit has recognized that "[t]he federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting 5A CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)).

In the instant case, the Court's preference would have been for Plaintiff's counsel to have sought more time to replead if such was required. The question now is whether to penalize the Plaintiff for that technical violation; the Court answers that

question is in the negative. The Court has reviewed the Plaintiff's revised amended complaint and believes that pleading to state a cognizable claim for relief; therefore, in the exercise of its discretion, the Court will grant the Plaintiff's motion for leave to amend and allow this case to proceed on its merits.

Accordingly, Plaintiff's Second Motion for Leave to Amend Complaint.[Dkt. 118], is **GRANTED**. Plaintiff has been authorized to file her proposed amended complaint, [Dkt. 118-2], as her Second Amended Complaint. Because the Second Amended Complaint abandons Plaintiff's claims against Defendant Classic Dining South East Street, Inc., Plaintiff's oral motion to dismiss Defendant Classic Dining South East Street, Inc., with prejudice, is **GRANTED**. Furthermore, in light of this Order, Plaintiff's Motion for Leave to Amend Complaint, [Dkt. 109], is **DENIED AS MOOT**.

The United States Code authorizes a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment … to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). As a Motion to Amend a Complaint is not one of the excepted matters, it may be designated to a magistrate judge to

hear and decide the matter pursuant to 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Rule 72-1, the Magistrate Judges of this Court are "authorized and specially designated to perform all duties authorized by the United States Code and any rule governing proceedings in this court." L.R. 72-1. Any objections to this Order shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a) and failure to file timely objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

So Ordered.

Dated: 06/22/2012

Distribution:

All Electronically Registered Counsel

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana